R. Scott Wilson
TN Bar Number 019661
*Pro hac vice* Motion simultaneously filed
**The Wilson Firm, PLLC**
2288 Gunbarrel Road
Suite 154, #225
Chattanooga, TN  37421
(423) 498-6511
Fax (423) 498-6512
**Eric Buchanan & Associates, PLLC**
*Of Counsel*
swilson@wilsondisability.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ian Peterson, | ) **Case No.** |
| Plaintiff, | ) |
| vs. | ) |
| Aetna Life Insurance Company, | ) Complaint for Recovery of Plan |
| | ) Benefits and For the Enforcement |
| Defendant. | ) of Rights Under ERISA |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Ian Peterson, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject long-term disability policy constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of Arizona pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, Ian Peterson, (hereinafter "Plaintiff"), is, and was at all relevant times, a resident of Maricopa County, Arizona.

5. Plaintiff alleges upon information and belief that Defendant Aetna Life Insurance Company (hereinafter, "Aetna") is the party obligated to administer claims and pay benefits under the Bombardier Transportation (Holdings) USA, Inc., Long Term Disability Insurance Benefit Plan, of which Plaintiff is a beneficiary.

6. Aetna is the underwriter for Long Term Disability Group Policy Number 877081, issued by Aetna to the Bombardier Transportation (Holdings) USA, Inc.

7. Aetna is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the CT Corporation System, North Central Avenue, Suite 460, Phoenix, Arizona, 85012.

**FACTS**

8. Plaintiff was employed by Bombardier Transportation (Holdings) USA, Inc., in its Phoenix, Arizona, location.

9. By virtue of his employment, Plaintiff is covered by Group Insurance Policy 877081, issued by Aetna to the Bombardier Transportation (Holdings) USA, Inc.

10. Bombardier Transportation (Holdings) USA, Inc.'s provision of group insurance coverage constitutes an ERISA welfare benefit plan.

11. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides long term disability benefits under the Plan.

12. Plaintiff ceased work effective October 14, 2014, due to the effects of brittle diabetes.

13. Plaintiff filed a timely application for benefits under the Plan.

14. That application for benefits was approved, and Aetna paid benefits through April 7, 2017.

15. By letter dated April 7, 2017, Aetna denied benefits beyond April 11, 2017,

finding that Plaintiff was capable of sedentary exertion, and therefore not disabled once the policy's definition of disability shifted from an "own occupation" to and "any occupation" standard.

16. Plaintiff timely appealed Aetna's decision, citing frequent episodes of hypo- and hyperglycemia, preventing him from sustaining a regular work schedule at any exertional level.

17. Plaintiff provided updated medical records demonstrating his uncontrolled blood sugar levels, as well as the opinion of his treating physician that Plaintiff should remain off work until his blood sugars are resolved.

18. By letter dated September 15, 2017, Aetna denied Plaintiff's appeal, and stated that the decision was final.

19. Plaintiff has exhausted his administrative remedies under the Plan.

20. At no time did Aetna exercise its option to have Plaintiff examined by a physician of its choosing.

21. The decision was arbitrary and capricious to deny benefits without a medical examination.

22. The decision was arbitrary and capricious to deny benefits without a change in Plaintiff's underlying condition.

23. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

24. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

25. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS AGAINST THE DEFENDANT
### PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

26. Under the terms of the policy, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

27. Plaintiff is disabled under the terms of the Plan.

28. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

29. The decisions to deny benefits were wrong under the terms of the Plan.

30. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

31. The decisions to deny benefits were not supported by substantial evidence in the record.

32. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

33. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Defendant or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the LTD Plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 12th day of January, 2018.

                                               Respectfully submitted,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF


BY: _____*s/R. Scott Wilson*_____
　　　　R. Scott Wilson
　　　　TN Bar No. 019661
　　　　*pro hac vice* motion to be filed
　　　　The Wilson **Firm, PLLC**
　　　　2288 Gunbarrel Road
　　　　Suite 154, #225
　　　　Chattanooga, TN  37421
　　　　(423) 498-6511
　　　　Fax (423) 498-6512
　　　　**Eric Buchanan & Associates, PLLC**
　　　　*Of Counsel*
　　　　swilson@wilsondisability.com